ORIGINAL



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY GEREB | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-11-CV-0022-N-BD |
| UNKNOWN | § § § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Timothy Gereb, a federal prisoner, against various federal prison employees. On January 4, 2011, plaintiff tendered a 128-page pleading consisting of largely unintelligible allegations against unknown parties who were somehow involved in his medical care, or lack thereof, at FCI Seagoville. In addition to these pleading deficiencies, plaintiff did not pay the statutory filing fee or seek leave to proceed *in forma pauperis*. On January 10, 2011, the court ordered plaintiff to complete a standard prisoner civil rights complaint form, and either pay the statutory filing fee or file a motion to proceed *in forma pauperis*, within 20 days. Plaintiff was warned that "the case may be dismissed without further notice" if he failed to comply with that order. *See* Order, 1/10/11. No corrective action was taken by plaintiff. A second order requiring plaintiff to correct these deficiencies was issued on January 31, 2011. Once again, plaintiff

was warned that if he failed to complete a standard prisoner civil rights complaint form and either pay the statutory filing fee or file a motion to proceed *in forma pauperis* within 20 days, the case would be dismissed. *See* Order, 1/31/11. When plaintiff failed to comply with that order, the magistrate judge recommended dismissal of the case. *See* Mag. J. F&R, 3/3/11. However, that recommendation was vacated after plaintiff advised the court that he had been transferred to USP Beaumont. *See* Order, 4/15/11. The court gave plaintiff one last opportunity to file a complaint in proper form and either pay the statutory filing fee or seek leave to proceed *in forma pauperis* by May 6, 2011. Plaintiff failed to comply with that order, and the magistrate judge again recommended dismissal of the case. *See* Mag. J. F&R, 5/11/11. While that recommendation was pending, plaintiff tendered a standard prisoner civil rights complaint form to the district clerk and filed a motion to proceed *in forma pauperis*. The magistrate judge vacated his recommendation of dismissal, granted plaintiff's motion to proceed *in forma pauperis*, and allowed his complaint to be filed. *See* Orders, 5/16/11.

On May 16, 2011, the court sent written interrogatories to plaintiff in an attempt to obtain additional information about the factual basis of this suit. Plaintiff was ordered to answer the interrogatories within 20 days, or the case would be dismissed. *See* Order, 5/16/11. At plaintiff's request, the court extended the deadline for answering the interrogatories to July 6, 2011. In granting that extension, the court warned that "[n]o further extensions will be granted," and that "this case may be dismissed without further notice if [plaintiff] fails to comply with this order." *See* Order, 6/15/11. To date, plaintiff has failed to answer the interrogatories.[1] The court therefore determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

---

[1] In a separate order filed today, the magistrate judge has denied plaintiff's second motion for extension of time to answer these interrogatories.

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiff has a documented history of failing to timely comply with court orders. Most recently, he has not answered written interrogatories sent to him almost two months ago. Plaintiff has been warned at least *five times* that his failure to comply with court orders would result in the dismissal of this case. Despite these repeated warnings, plaintiff continues to engage in dilatory conduct. The inability to proceed with this litigation, which has been pending for more than six months, is directly attributable to plaintiff's failure to provide the court with the information necessary to screen his complaint and process this case. Under these circumstances, dismissal is clearly warranted. *See Wiggins v. Management and Training Corp.*, No. 3-03-CV-1547-L, 2003 WL 22259080 at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted*, 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003) (dismissing complaint for failure to answer written interrogatories).

## **RECOMMENDATION**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 18, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE